IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROMANO WOODS DIALYSIS CENTER,<br>      Plaintiff,<br><br>v.<br><br>ADMIRAL LINEN SERVICE, INC., *et al.*,<br>      Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-14-1125 |

## MEMORANDUM AND ORDER

This case, filed under the Employee Retirement Income Security Act ("ERISA"), is before the Court on the Motion to Dismiss [Doc. # 10] filed by Defendant Admiral Linen Service, Inc. ("Admiral"), and joined by Defendant Group & Pension Administrators Inc. ("GPA") [Doc. # 12]. Plaintiff Romano Woods Dialysis Center ("Romano") filed an Opposition [Doc. # 13] and a Supplement [Doc. # 14], and Admiral filed a Reply [Doc. # 15]. The Court has carefully reviewed the Motions, the parties' briefing, the applicable legal authorities, and the Assignment of Benefits in the record. Based on this review, the Court **grants** the Motion to Dismiss the "Breach of Fiduciary Duties" and "Interference" claims and **denies** the Motion to Dismiss the "Denial of Benefits" claim.

## I.     BACKGROUND

Romano is a medical provider of dialysis treatment.  Since 2012, Romano has been administering dialysis treatments to Leanna Guggenmos, an employee of Admiral who is covered by Admiral's Welfare Benefit Plan (the "Plan").  GPA is the claims administrator for the Plan.  Defendant Phia Group, LLC, was hired by Admiral to evaluate Romano's claim for additional reimbursement.[1]

Romano alleges that, under the terms of the Plan, Guggenmos is entitled to reimbursement for all medical expenses incurred as part of her dialysis treatment.  Romano alleges that Defendants have failed to pay the full reimbursement amount.  As an example, Romano alleges that Admiral paid $0.60 as reimbursement for $4,498.00 in dialysis charges.

Romano filed this lawsuit asserting ERISA claims for denial of benefits, breach of fiduciary duty, and interference with ERISA rights.  Defendants Admiral and GPA have moved to dismiss, seeking dismissal pursuant to Rule 12(b)(1) based on the argument that Romano lacks standing to pursue the ERISA claims, and dismissal pursuant to Rule 12(b)(6) based on the argument that Romano fails to state an ERISA claim.  The Motions to Dismiss have been fully briefed and are ripe for decision.

---

[1]     Defendant Phia Group, L.L.C. has not appeared in this case.

## II.   RULE 12(b)(1) MOTION TO DISMISS

### A.   Applicable Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citations omitted). In considering a challenge to subject matter jurisdiction, the district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Id.* When the court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *See Castro v. United States*, 560 F.3d 381, 386 (5th Cir. 2009). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *Id.* The Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2007).

### B.   Standing to Assert ERISA Claims

Romano asserts three ERISA claims in the Complaint. The first is entitled "Denial of Benefits" which corresponds to an ERISA § 502(a)(1)(B) claim, 29 U.S.C. § 1132(a)(1)(B). The Court will refer to this as the "benefits claim" because Romano

is seeking to recover the full amount of benefits payable under the Plan. The second claim is entitled "Breach of Fiduciary Duties" which corresponds to an ERISA § 502(a)(2) claim, 29 U.S.C. § 1132(a)(2). The third claim is entitled "Interference" which corresponds to an ERISA § 510 claim, 29 U.S.C. § 1140. The Court will refer to these two claims as "non-benefit claims" because they involve more than a claim for payment of benefits. Defendants argue that Romano does not have standing to assert the non-benefit claims.[2]

"Standing under Article III of the Constitution requires that an injury be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed Farms*, 130 S. Ct. 2743, 2752 (2010). In addition to this "constitutional" standing requirement, a party must also show that it has "prudential" standing, which "encompasses the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." *Elk Grove*

---

[2] Defendants argued initially that Romano also lacked standing to assert the benefits claim. After Romano filed an "Assignment of Benefits" form signed by Guggenmos, Defendants withdrew the argument regarding Romano's standing to assert the benefits claim. *See* Reply, p. 6.

*Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) (citing *Allen v. Wright*, 468 U.S. 737, 751 (1984)). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998).

A party may obtain standing derivatively from the standing of another party. "It is well established that a healthcare provider, though not a statutorily designated ERISA beneficiary, may obtain standing to sue derivatively to enforce an ERISA plan beneficiary's claim." *Harris Methodist Fort Worth v. Sales Support Servs. Inc. Emp. Health Care Plan*, 426 F.3d 330, 334 (5th Cir. 2005). For a third-party to obtain standing to assert a non-benefits ERISA claim, the asserted claim must have been expressly assigned to the third-party. *See Tex. Life, Accident & Hosp. Serv. Ins. Guar. Ass'n v. Gaylord Entm't Co.*, 105 F.3d 210, 218 (5th Cir. 1997).

Romano has submitted the Assignment of Benefits ("Assignment") form signed by Guggenmos. *See* Supplement to Opposition to Motion to Dismiss [Doc. # 14]. The Assignment provides that Guggenmos authorizes "payment" to Romano of insurance benefits otherwise payable to her. The Assignment does not, however, include an assignment of Guggenmos's right to pursue non-benefits ERISA claims. As a result, the Assignment signed by Guggenmos is insufficient as a matter of law to assign to Romano her right to assert non-benefits ERISA claims. *See, e.g.*, *Mid-*

*Town Surgical Ctr, L.L.P. v. Humana Health Plan of Texas, Inc.*, __ F. Supp. 2d __, 2014 WL 1653085, *4 (S.D. Tex. 2014); *North Cypress Med. Ctr. Operating Co. v. Medsolutions, Inc.*, 2010 WL 4702298, at *2 (S.D. Tex. Nov. 10, 2010) (Miller, J.). Absent a valid assignment of Guggenmos's right to assert non-benefits claims in this case, Romano lacks standing to assert those claims.

## III.   RULE 12(b)(6) MOTION TO DISMISS BENEFITS CLAIM

### A.   Applicable Legal Standard

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679.

**B.     Analysis**

As noted above, it is uncontested that Romano has derivative standing to assert the ERISA § 502(a)(1)(2) claim to recover benefits due under the terms of the Plan pursuant to 29 U.S.C. § 1132(a)(1)(B). Defendants argue that Romano has failed to identify the section of ERISA on which this claim is based. Although Romano does not cite the ERISA section or the statute on which the benefits claim is based, it identifies the claim as "Denial of Benefits" and clarifies in the Opposition that the claim is based on ERISA § 502(a)(1)(B). This adequately identifies the ERISA provision on which the benefits claim is based.[3]

Defendants argue also that Romano fails to allege an adequate factual basis for this claim. Romano alleges that Admiral underpaid benefits owed under the terms of the Plan, and identifies Plan terms that Romano contends require payment of additional amounts. Romano alleges further that Admiral previously paid the increased benefits that Romano claims are due under the Plan terms. These allegations are sufficient to state an ERISA § 502(a)(1)(B) benefits claim.

---

[3]   Defendants argue that, because Romano did not cite the applicable ERISA provision, it may be asserting state law claims that are preempted by ERISA. *See* Admiral's Motion to Dismiss, pp. 12-13. Romano has clarified that it is not asserting any state law claims. *See* Opposition, p. 2, n.1.

Defendants argue that the benefits calculation and payment decision was not arbitrary and capricious. Plaintiff, however, alleges that the decision was arbitrary and capricious and supports that assertion with factual allegations and citations to the Plan terms. Defendants' reliance on Plan language that the Plan "may be" secondary to Medicare and "may be" subject to Medicare rules and reimbursement rates is unpersuasive on a motion to dismiss. The Court will determine at a later stage of the proceedings whether Defendants' interpretation of the Plan and their calculation and payment of benefits for Guggenmos's dialysis treatments were arbitrary and capricious.

Romano has adequately identified the benefits claim as asserted pursuant to ERISA § 502(a)(1)(B), and has adequately stated a claim for ERISA benefits under the terms of the Plan. As a result, the Rule 12(b)(6) Motion to Dismiss the benefits claim is denied.

## IV. <u>**CONCLUSION AND ORDER**</u>

Romano has standing to assert the benefits claim, but lacks standing to assert the non-benefits claims for breach of fiduciary duty and interference with ERISA rights. Romano has adequately pled the benefits claim under ERISA § 502(a)(1)(B). Accordingly, it is hereby

**ORDERED** that Defendant Admiral Linen Service, Inc.'s Motion to Dismiss [Doc. # 10] and Defendant Group & Pension Administrator Inc.'s Joinder and Supplement to Motion to Dismiss [Doc. # 12] are **DENIED** as to the ERISA § 502(a)(1)(B) claim for benefits and **GRANTED** as to the two non-benefits ERISA claims.

SIGNED at Houston, Texas, this **15th** day of **July, 2014.**

_____
Nancy F. Atlas
United States District Judge